**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**CRISPO CAKE CONE COMPANY, Inc., Respondent.**

**No. 71–1608.**

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1972.

Decided July 7, 1972.

Leonard M. Wagman, Atty., Peter G. Nash, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Stuart M. Rosenblum, Atty., N.L.R.B., Washington, D. C., for petitioner.

Glenn L. Moller, Moller, Talent & Kuelthau, Ronald K. Fisher and Rassieur, Long, Yawitz & Schneider, Milton Yawitz, Vern H. Schneider, St. Louis, Mo., for respondent.

Before VAN OOSTERHOUT, Senior Circuit Judge, and LAY and HEANEY, Circuit Judges.

VAN OOSTERHOUT, Senior Circuit Judge.

This case is before us on application of the National Labor Relations Board, pursuant to § 10(e) of the National Labor Relations Act, for enforcement of its order issued against Crispo Cake Cone Company, Inc., on May 17, 1971, reported at 190 NLRB No. 60. Jurisdiction is established.

The Board found that the Company in opposing the organizational efforts of the Union[1] violated § 8(a)(1) of the Act by coercing, restraining and interfering with its employees in the exercise of their § 7 rights. The Board also found the company violated § 8(a) (3) of the Act by depriving an employee of overtime work to punish him for supporting the Union. In addition, the Board found that the Company violated § 8(a) (5) and (1) of the Act by its excessive delay in meeting and bargaining with the Union; by its delay in furnishing the Union with information necessary to its bargaining for the warehouse employees; by refusing to recognize the Union as the representative of its office clerical employees; and by granting a wage increase to one of its employees in the office clerical unit without prior consultation with the Union.

The Company in its brief states that subsequent to the Board's order it has entered into a collective bargaining agreement with the Union covering its warehouse employees and that it is challenging only the portion of the Board's order relating to the issue of the Company's bargaining obligation to its office and clerical unit, stating, "It is solely this issue that the Respondent will brief and argue before this Court." Thus the Company has in effect conceded that the Board is entitled to enforcement of its order in all respects except as to the bargaining obligation to its office and clerical unit.

The Company attacks the Board's order directing it to bargain with the Union as the representative of its clerical employees on the following grounds:

1. The General Counsel has failed to establish that the clerical unit consisted of more than one employee at the time of the hearing before the Examiner and hence has not established that an appropriate unit for collective bargaining exists.

2. Under the facts in this case, the Board abused its discretion in ordering the Company to bargain with the Union rather than ordering an election.

We reject each of such contentions for the reasons hereinafter stated.

██ The parties appear to be in agreement that a unit which consists of a single person is not an appropriate bargaining unit. See National Labor Relations Board v. Transamerican Freight Lines, 7 Cir., 275 F.2d 311, 314; Westinghouse Electric Corporation, 179 NLRB 289. The dispute arises on whether the General Counsel has established the clerical unit at the time of the hearing before the Examiner as an appropriate unit consisting of more than one person.

The Union on February 17, 1970, by a five to two vote won a representation election with respect to the Company's warehouse employees and was certified the bargaining representative of such employees. On March 2, 1970, the Company was advised clerical employees Riston and Redmon had signed authorization cards, that they constituted a majority of the clerical employees, and that Union representation was demanded.

A stipulation for a consent election as to the clerical employees was filed with and approved by the Regional Director. Thereafter, on March 19, the Union filed an unfair labor practice charge and on March 23 withdrew its petition for election. The charges were heard by a hearing Examiner on August 25 and 26, 1970. The parties stipulated that from February 16 to August 1, 1970, the clerical employees consisted of Gruendler,

1. Leather Goods, Plastics, & Novelty Workers Union, Local 160, AFL–CIO.

Redmon and Riston. Riston terminated her employment for non-discriminatory reasons and Redmon contemplated terminating her employment the week following the hearing by reason of her plan to marry and move to California. The Trial Examiner found the unit had been reduced to one clerical employee and on that basis denied a bargaining order. The Board in reaching a contrary conclusion states:

"The record shows that the office clerical employee unit, at all times between February 16 and August 1, consisted of three employees; that on March 2, until the date of the hearing herein, August 25 and 26, the Respondent was aware of the Union's majority in such a unit. Moreover, in light of the pervasive acts of interference. restraint, and coercion which Shubert visited upon Redmon and Riston, as well as the warehouse employees, which became readily apparent to them, it is clear that resort to the election processes would have been futile under the teachings of Gissel. Clearly, under normal circumstances, a bargaining order is warranted.

"The Trial Examiner concluded, however, that this was not the normal situation as there is no record evidence that the reduction in the office clerical unit was only temporary in nature, and therefore the General Counsel had failed to meet his burden of proof in this regard. We disagree with the Trial Examiner. Plainly, the burden of proving that this was not a temporary reduction but was one of a permanent nature was on the Respondent. If such a reduction was other than temporary, the Respondent could have, and should have, presented evidence that the reduction was permanent. Although Shubert testified at length, he neither contended nor suggested that the Respondent's office clerical complement would not immediately or in the immediate future be restored to its normal three-employee complement. Under these circumstances, the possibility that only one office clerical employee might be at work temporarily, pending new hires, would not destroy the appropriateness of the unit, because a temporary decrease in employee complement, even if it occurs, does not reduce the unit to a single-employee unit. For these reasons, we find, in agreement with the General Counsel, that the Respondent violated Section 8(a) (5) and (1) of the Act by failing and refusing to bargain with the Union as the duly designated collective-bargaining representative of the office clerical employees. We also find that the issuance of a bargaining order herein is appropriate as to the office clerical employee unit employees."

The record supports the Board's determination with respect to an appropriate unit. The General Counsel established that up to the month of the hearing the unit consisted of three employees. The record does not compel a finding that the staff of three clerical employees would within a month be permanently reduced to one employee. We believe that the burden is on the Company to at least offer evidence to show that such a drastic reduction in the clerical unit was permanent. As stated by the Board in National Dairy Products Corporation, 127 NLRB 313, 315:

"Even assuming that there was a further burden on the General Counsel to show that the employee status of the helpers continued, that burden was met by the Board's finding of employee status in the prior representation case, and the well-established legal principle that a state of affairs shown to exist is presumed to continue until the contrary is shown."

The Company in its brief states that up to the present time it has had in its employ but one clerical worker. Such information was not before the Board at the time of its determination. The

Board is bound by the record made. So are we.[2]

Both the Examiner and the Board found that two of the three clerical employees had voluntarily signed Union authorization cards and that the Union had demanded recognition. The Board in agreement with the Examiner also found that under the standards laid down in National Labor Relations Board v. Gissel Packing Co., 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547, the Company had committed pervasive acts of interference, restraint and coercion such as to make the election process futile and that hence a bargaining order was appropriate. Such finding is supported by substantial evidence.

The Board's order is affirmed and enforced.

---

2. If the Company can in fact establish that its clerical unit consisted of only one employee since the August 1970 hearing and that the unit has been permanently decreased to one employee, it would appear that only a waste of time and effort for all concerned would result from an attempt to seek compliance with the bargaining order with respect to clerical employees. The Board's counsel suggests that the appropriateness of the unit can be re-examined in connection with compliance procedure.