NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

MFY INDUSTRIES, INC., d/b/a Oertle's, Respondent.

Nos. 77–1607 and 77–1738.

United States Court of Appeals, Tenth Circuit.

Submitted Feb. 9, 1978.

Decided April 5, 1978.

John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Morton Namrow, Atty., N. L. R. B., Washington, D. C., for petitioner.

Floyd L. Rheam, Tulsa, Okl., and J. Michael Smith, Arkansas City, Kan., for respondent.

Before HILL, McWILLIAMS and DOYLE, Circuit Judges.

HILL, Circuit Judge.

In No. 77–1607, the National Labor Relations Board (Board) seeks enforcement of its order that MFY Industries, Inc., (MFY) cease and desist from unfair labor practices.

In No. 77–1738, MFY seeks review of the Board's order.

MFY operates a retail discount store called Oertle's in Tulsa, Oklahoma. In early January, 1975, the business manager of the International Union of Operating Engineers, Local No. 948, AFL–CIO, (Union) obtained signed membership cards from the two full-time and the three part-time boiler engineers employed at the store. On three occasions thereafter, representatives of the Union approached the store management and requested recognition as bargaining representative for the unit of employees. On February 4, 1975, their request was denied and the representatives were told to seek an election. On February 7, the Union called a strike for recognition, and all five engineers walked out. The Union subsequently filed a petition for a Board-supervised election. In proceedings on that petition, the Board found one of the full-time engineers to be a supervisor and thus excluded him from the unit. The three part-time engineers were found to be regular employees and eligible to vote. An election was held on July 2, 1975, and the Union was certified as the bargaining representative for the unit on July 11.

Four negotiating sessions were held between August 13 and September 30. The parties reached an agreement only as to the language of a contract preamble.

Pursuant to a settlement agreement approved September 30, the full-time engineer in the unit was reinstated. On September 18 and again on November 1, the three part-time engineers, Arnold, Clark and Delay, made unconditional offers to return to work. The store manager told them that there was no work available and refused to reinstate them.

On October 17, MFY's attorney sent a letter to the Union stating, in part:

Due to the strike which was called by your union, you taught us something. Prior to the strike and election we had two full time engineers and four who were on call working part time, and we learned that we were overloaded with

engineers. We learned that we need only one engineer.

The letter stated MFY's refusal to bargain further and cited the rule that an employer is under no obligation to engage in collective bargaining with a unit of only one employee.

The Union filed a charge against MFY with the Board alleging that MFY wrongfully refused to reinstate the three striking part-time employees and that, after October 17, it wrongfully refused to engage in collective bargaining. The charge came on for formal hearing before an administrative law judge who found that, by engaging in the noted conduct, MFY had committed unfair labor practices proscribed by § 8(a)(1), (3) and (5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), (3), and (5). The administrative law judge ordered MFY to cease and desist from such unfair practices, to reinstate the three part-time employees, to make them whole for lost earnings, to bargain with the Union, and to post appropriate notices. That order was adopted by the Board.

■ MFY contends here, as it did before the administrative law judge, that the three part-time engineers were not rehired because there was no work available for them, not because of their union membership or activities. The administrative law judge rejected the contention on the basis of a finding that MFY failed to sustain its burden of establishing legitimate and substantial business justifications for its refusal to rehire the striking employees.[1]

■ Our inquiry into the Board's findings of fact is limited to determining whether they are supported by substantial evidence in the record taken as a whole. 29 U.S.C. § 160(e) and (f). The finding challenged here is amply supported in the record, principally by testimony of the manager and the personnel director of the Oertle's store that MFY employed other engineers on a part-time basis 15 to 20 hours a week in the absence of the three striking engineers. Although the continuity of employment of the additional engineers is challenged by MFY, it introduced no business records regarding the duration of employment or the number of hours they worked. MFY's unexplained failure to present such evidence, exclusively within its control, permits the inference that it would not be favorable. *Golden State Bottling Co. v. NLRB*, 414 U.S. 168, 94 S.Ct. 414, 38 L.Ed.2d 388 (1973). Evidence concerning MFY's compliance with the Tulsa mechanical code also supported the finding. The ordinance setting forth the mechanical code was introduced. In pertinent part, it requires the continued presence of a licensed engineer from one hour before until one hour after scheduled public occupancy when the heating or cooling apparatus is in operation in a structure such as the Oertle's store. A city boiler inspector testified that the provision would require a licensed engineer on duty approximately 93 hours a week when the equipment was in use. Such evidence belies MFY's contention that it can operate with only one boiler engineer.

There is substantial evidence that MFY's refusal to reinstate Arnold, Clark, and Delay was not attributable to the lack of available work, and hence that MFY failed to sustain its burden of proving a valid business motive for the action. The Board correctly concluded that MFY's action constituted an unfair labor practice under 29 U.S.C. § 158(a)(1) and (3).

■ MFY also challenges the Board's determination that its refusal to bargain with the Union was unlawful. MFY argues that it made a managerial decision to employ only one engineer, whom it designated as a supervisor. It cites *NLRB v. Crispo Cake Cone Co.*, 464 F.2d 233 (8th Cir. 1972), for the proposition that it has no obligation to engage in collective bargaining with a unit of only one employee, and certainly not

---

1. The burden of proving justification is on the employer. *NLRB v. Fleetwood Trailer Co.,* *Inc.,* 389 U.S. 375, 88 S.Ct. 543, 19 L.Ed.2d 614 (1967).

with a unit consisting of none. MFY's argument fails for two reasons. First, as we have previously upheld the Board's determination that refusal to reinstate the three part-time engineers was wrongful, the unit was not reduced to one employee or none. Second, a certified bargaining unit is entitled to a presumption of validity during its first year after certification in the absence of unusual circumstances. *Brooks v. NLRB*, 348 U.S. 96, 75 S.Ct. 176, 99 L.Ed. 125 (1954). MFY contends that its decision to reduce the number of engineers it employed constitutes an unusual circumstance. Assuming *arguendo* that the reduction was valid, unilateral withdrawal from the negotiations is not the appropriate course of conduct. As the Supreme Court said in *Brooks v. NLRB, supra* :

> If an employer has doubts about his duty to continue bargaining, it is his responsibility to petition the Board for relief, while continuing to bargain in good faith at least until the Board has given some indication that his claim has merit. Although the Board may, if the facts warrant, revoke a certification or agree not to pursue a charge of an unfair labor practice, these are matters for the Board; they do not justify employer self-help or judicial intervention. [Footnote omitted.]

348 U.S. at 103, 75 S.Ct. at 180. The unit was certified July 11, 1975, and MFY's letter stating its refusal to bargain further was sent October 17, 1975, well within a year after initial certification.

The Board's order is hereby enforced.